IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 11 2014

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:14-CV-494-A |
| | § | (NO. 4:12-CR-050-A) |
| BENJAMIN EDWARD NEUNER | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion of Benjamin E. Neuner ("Neuner") under 28 U.S.C. § 2255 to
vacate, set aside, or correct sentence by a person in federal
custody.  After having considered such motion, its supporting
memorandum, the government's response, Neuner's reply, and
pertinent parts of the record in Case No. 4:12-CR-050-A, styled
"United States of America v. Benjamin Edward Neuner a/k/a 'Rebel
Rider Ben,'" the court has concluded that such motion should be
denied.

I.

Pertinent Background Information

The court's records in Case No. 4:12-CR-050-A disclose the
following matters that appear to have potential pertinence to
Neuner's § 2255 motion.

The criminal action against Neuner was initiated by the
filing of a criminal complaint on September 21, 2011, alleging
that the FBI Agent who signed it had probable cause, based on the

information recited in the complaint, to believe that Neuner had violated 18 U.S.C. § 922(o) and 924(a)(2) by knowingly possessing a machine gun.  On September 28, 2011, the Magistrate Judge with whom the complaint was filed appointed Brett D. Boone ("Boone") to serve as Neuner's attorney.

Three joint motions to extend time to indict were filed, the first on October 18, 2011, the second on November 15, 2011, and the third on December 9, 2011.  Each alleged that the parties believed "that with additional time in which to gather information about the defendant and the circumstances surrounding the events leading to the pending case, a plea agreement may be reached, thus negating the need for an indictment" and that "because of the amount of discovery involved, the defendant needs sufficient time to review it before making a decision on a plea." Doc. 11 at 2, Doc. 13 at 1, Doc. 15 at 1-2.[1]  Neuner joined in each motion by his signature.  Each motion was granted.

On March 14, 2012, an indictment was filed charging Neuner with knowingly possessing a machine gun in violation of 18 U.S.C. § 922(o)(1).  A superseding indictment was filed May 16, 2012, again charging Neuner with knowingly possessing a machine gun in

---

[1]The "Doc." reference is, unless otherwise indicated, to the docket in Case No. 4:12-CR-050-A.

violation of 18 U.S.C. § 922(o)(1), this time adding another weapon as part of the offense.

In the meantime, Boone was aggressively representing Neuner by filing appropriate motions, consisting of a motion for continuance of trial and all pretrial deadlines on April 3, 2012, a motion to dismiss for outrageous governmental conduct and entrapment on April 5, 2012, a motion to dismiss for failure to a state an offense and lack of jurisdiction on April 5, 2012, a motion for return of property on April 5, 2012, a motion for court to voir dire jury panel on defensive issues of entrapment, justification, duress, and coercion on April 5, 2012, a motion to reveal confidential informant on April 5, 2012, a motion for pre-trial disclosure of all evidence which the government intends to offer pursuant to Rule 404(b) of the Federal Rules of Evidence on April 5, 2012, a motion for production and inspection of evidence which may lead to exculpatory evidence on April 5, 2012, and an ex parte application for funds to obtain a consulting firearms expert, filed on April 9, 2012.

The court granted Boone authority to hire a firearms expert, and made appropriate rulings on all of the other motions. The government responded to the motions for pre-trial disclosure, etc., and for production and inspection of evidence, etc., by

informing the court and Boone that it would voluntarily provide all of the information called for by the motions.

The court granted a motion filed by the government to permit the FBI undercover employee, who would be a trial witness, to testify under a pseudonym. On April 15, 2012, Boone filed an application for additional funds for payment to the consulting firearms expert he had retained.

Neuner's case was tried to a jury commencing the morning of May 21, 2012. The jury returned its verdict the afternoon of May 22, 2012, finding Neuner guilty of the offense charged by the superseding indictment. At a sentencing hearing conducted August 21, 2012, Neuner was sentenced to serve a term of imprisonment of 97 months and a term of supervised release of three years to commence upon completion of his sentence of imprisonment.

Neuner appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed his judgment of conviction and sentence by an opinion filed July 10, 2013. A petition for writ of certiorari was filed, seeking review by the Supreme Court of the Fifth Circuit's ruling. The petition was denied June 13, 2014.

II.

Grounds of Neuner's Motion

Neuner set forth the grounds of his § 2255 motion in the memorandum and brief he filed in support of the motion, which are stated in the memorandum as follows:

First Ground:

> Whether counsel was ineffective in failing to perform any pre-trial investigations and or interviews in order to be properly prepared to defend at each and every stage of the proceedings?

Mem. at 5.

Second Ground:

> Whether counsel was ineffective for failing to seek funds to hire a[n] expert witness?

Id. at 15.

Third Ground:

> Whether counsel was ineffective for filing a[n] out of time Petition to the Supreme court of the United States seeking a Writ of Certiorari?

Id. at 17.

III.

Analysis

A.   Legal Standards

1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

5

fairly and finally convicted.  <u>United States v. Frady</u>, 456 U.S.
152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32
(5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992).  A defendant
can challenge her conviction or sentence after it is presumed
final on issues of constitutional or jurisdictional magnitude
only, and may not raise an issue for the first time on collateral
review without showing both "cause" for her procedural default
and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937
F.2d at 232.

    Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
<u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).

    2.  <u>Ineffective Assistance of Counsel Standard</u>

    To prevail on an ineffective assistance of counsel claim,
Neuner must show (1) that Boone's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for Boone's unprofessional
errors, the result of the criminal proceedings against Neuner

6

would have been different.  Strickland v. Washington, 466 U.S.
668, 687 (1984).  Both prongs of the Strickland test must be met
to demonstrate ineffective assistance.  Id. at 697.  Further,
"[a] court need not address both components of an ineffective
assistance of counsel claim if the movant makes an insufficient
showing on one."  United States v. Stewart, 207 F.3d 750, 751
(5th Cir. 2000).  "The likelihood of a different result must be
substantial, not just conceivable," Harrington v. Richter, 131 S.
Ct. 770, 792 (2011), and a movant must prove that counsel's
errors "so undermined the proper functioning of the adversarial
process that the trial cannot be relied on as having produced a
just result."  Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)
(quoting Strickland, 466 U.S. at 686).  Judicial scrutiny of this
type of claim must be highly deferential and the defendant must
overcome a strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
Strickland, 466 U.S. at 689.

B.   None of the Grounds of the Motion Has Merit

    1.   The First Ground

Notably, Neuner does not supply any particulars as to any
pretrial investigation or interview Boone successfully could have
conducted that he did not conduct.  Nor does Neuner enlighten the
court as to how the doing by Boone of anything different from

what he did adversely affected Neuner's defense.  The court knows from first-hand knowledge, and is reminded by a review of the clerk's file in Neuner's criminal case, that Boone was very diligent in conducting Neuner's defense; and, the court sensed nothing to suggest that Boone was not doing everything within reason to provide Neuner an effective defense.

Throughout his memorandum, Neuner criticizes Boone for joining with the government in requests for an extension of time for the filing of an indictment.  However, Neuner fails to provide any support for any contention that the grounds of the motions for extension were not meritorious or that Boone was not exercising good strategy in moving for the extensions. Notwithstanding what Neuner now contends, he presumably knew what he was doing when he joined in each of the motions by his signature on the motion; and, presumably Neuner at that time was satisfied with the explanations given in the motions as to why they were being filed.

Neuner's complaints relative to cross-examination conducted by Boone and Boone's other trial activities are without merit. Nothing in the motion or its supporting memorandum provides any basis for a conclusion that any action Boone took on Neuner's behalf at the trial was not taken in good faith as reasonable trial strategy calculated to advance Neuner's defense.

8

Nothing in the motion or supporting memorandum provides any basis for a conclusion that Boone would have gained anything for the benefit of Neuner's defense by acquiring more knowledge than he had relative to the grand jury proceedings.  There is nothing in the record to suggest that any reasonable attorney would have done more than Boone did in that regard.

Neuner repeatedly asserted in his memorandum that he was told by Boone that the judge has only permitted one day for a trial, and that such a representation by Boone had an adverse effect on Neuner's decision making.  The record shows that, in fact, two days were devoted to the trial; but, even if Boone had informed Neuner that normally or frequently criminal cases before the undersigned are concluded in approximately one day, the fact would remain that Neuner has not provided any information to suggest that the outcome of his criminal case would have been any different if Boone had not told him whatever Boone said concerning the anticipated length of the trial.

Not only has Neuner failed in his presentation in support of his first ground to persuade the court that Boone's performance fell below an objective standard of reasonableness, Neuner has not provided the slightest basis for a conclusion that there is a reasonable probability that the result of Neuner's criminal proceedings would have been different if Boone had conformed to

the standards Neuner seeks to impose on him.  Thus, Neuner's
first ground is without merit.

    2.  <u>The Second Ground</u>

Neuner is incorrect in asserting in his second ground that
Boone failed to seek funds to hire an expert consultant.  Boone
did seek funds for that purpose, the court authorized the funds,
and Boone retained, and made use of, a firearms expert
consultant.  The fact that the consultant did not provide
information helpful to Neuner certainly does not provide a
legitimate basis for complaint against Boone.

    3.  <u>The Third Ground</u>

Neuner correctly asserts that the filing by Boone of the
petition for writ of certiorari complaining of the ruling of the
Fifth Circuit on Neuner's appeal was untimely, but he is wrong
when he concludes that the petition was denied due to having been
filed out-of-time.  Attached to Neuner's memorandum is a copy of
the motion Boone filed with the Supreme Court acknowledging that
he filed the petition two days late and seeking a grant of
extension of time to file it.  Items included in the government's
response to Neuner's motion show that the Supreme Court allowed
the late filing of the petition, Resp., App. at 3, and then
denied the petition on its merits, not because it was late-filed,
<u>id.</u> at 4.

10

C.    Conclusion

For the reasons stated above, the court has concluded that Neuner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody should be denied.

IV.

Order

Therefore,

The court ORDERS that Neuner's § 2255 motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 11, 2014.

_____
JOHN McBRYDE
United States District Judge

11